UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA BRODSKY,<br><br>              Petitioner,<br>    v.<br>WARDEN BACA, et al.,<br><br>              Respondents. | Case No. 3:15-cv-00009-MMD-VPC<br><br>ORDER |

Petitioner Joshua Brodsky has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (dkt. no. 1-1). Petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is granted. As discussed below, the petition must be dismissed for failure to state claims cognizable in federal habeas proceedings.

As a preliminary matter, on the face of his petition, petitioner indicates that his state judgment of conviction was entered on March 24, 2014, and that he did not file a direct appeal or a state postconviction habeas petition. Thus, it appears that petitioner has failed to exhaust state remedies.[1]

Moreover, in count one, petitioner states that his due process rights were violated because there was no proof of force and, without such proof, he should have been convicted of a misdemeanor only (dkt. no. 1-1, p. 3). However, petitioner pled guilty to

---

[1] The Court recognizes that petitioner states, without elaboration, that he did not pursue a direct appeal or state postconviction habeas relief for a "medical reason." Whether petitioner may have an argument as to why he should be relieved of the exhaustion requirement is of no moment here, however, because petitioner sets forth no grounds that would be federally cognizable in any event.

coercion. (*Id*. at 2.) "[W]hen a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (overruled on other grounds in *U.S. v. Castillo*, 496 F.3d 947 (9th Cir.2007)). When a petitioner pled guilty, under *Tollett*, the only federally cognizable habeas claims he or she may raise are claims of ineffective assistance of counsel with respect to the advice to plead guilty or the voluntariness of that plea. *Tollett*, 411 U.S. at 267. Accordingly, ground one is not cognizable.

Of the remaining two grounds in the petition, the first alleges that petitioner was not placed in a permanent medical ward in contravention of the state sentencing judge's order (dkt. no. 1-1, p. 5). This is not a habeas claim and, in fact, petitioner raised this claim in a 42 U.S.C. § 1983 civil rights action in this court, case no. 2:14-cv-01064-RFB-CWH. The last ground, also not a habeas claim, asserts that Clark County Detention Center ("CCDC") personnel discriminated against petitioner in violation of the Americans with Disabilities Act ("ADA") (dkt. no. 1-1, p. 7). Petitioner alleges that he is disabled, was unable to work at CCDC, and other inmates who worked there received up to ten days of work credit each month. Neither ground is cognizable in federal habeas proceedings.[2] *Bogovich v. Sandoval*, 189 F.3d 999, 1003-1004 (9th Cir. 1999);

---

[2] The Court notes that petitioner indicates under "Other Proceedings" that his claims in civil rights case no. 2:14-cv-001064-RFB-CWH were denied and that the court "told me to go this way" (dkt. no. 1-1, p. 4). In the civil rights action he references, this court denied several motions seeking immediate release based on plaintiff's (the petitioner in the instant habeas petition) medical conditions and stated that plaintiff could not use a § 1983 action to challenge the fact or duration of his confinement but must instead seek habeas relief (2:14-cv-001064-RFB-CWH, dkt. no. 24, p. 7). Petitioner appears to have thus brought his ADA claim in a habeas petition because in the petition he (1) alleges that he was discriminated against based on his disability and (2) proceeds to calculate what work credits he may have been awarded (allegedly, if he had not been discriminated against) and how that may have resulted in an earlier release in 2016 (dkt. no. 1-1, p. 7). However, the gravamen of his claim is that he was discriminated against because he cannot work, and simply making the leap to calculate a purely speculative number of days of work credit does not transform this ADA claim into a cognizable habeas claim. *Bogovich v. Sandoval*, 189 F.3d 999, 1003-1004 (9th Cir. 1999); *Heck v. Humphrey*, 512 U.S. 477, 481-83 (1994); *see also Harper v. Board of Prison Com'r*, 2015 WL 268803 (D. Nev. January 20, 2015).

Heck *v. Humphrey*, 512 U.S. 477, 481-83 (1994); *see also Harper v. Board of Prison Com'r*, 2015 WL 268803 (D. Nev. January 20, 2015).

As petitioner has set forth no federally cognizable grounds, the petition is dismissed.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is granted.

It is further ordered that the Clerk shall detach and file the petition (dkt. no. 1-1).

It is further ordered that the petition is dismissed with prejudice for failure to state claims cognizable in federal habeas corpus.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this petition to be debatable or incorrect.

It is further ordered that the Clerk shall enter judgment accordingly and close this case.

DATED THIS 23rd day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE